■ THOMAS D. NACCARATO, Doing Business as CASUAL LIVING POOLS, Appellant, v SAMUEL SALAMONE et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered May 4, 1989 in Schenectady County, which denied plaintiff's motion for summary judgment.

Defendants hired plaintiff to install a swimming pool liner and other equipment in defendants' in-ground swimming pool for the agreed price of $3,149.07. Defendants paid plaintiff a $500 deposit, leaving a remaining unpaid balance of $2,649.07. The record discloses that, after the installation of the liner, defendants noticed two cuts, 1 or 1½ inches long, in the liner on either side of the stairs. Defendants complained to plaintiff and plaintiff's employee returned and applied glue to the cuts. Defendants objected to the condition of the liner and refused to pay the balance. Subsequently, the cuts have stretched and grown bigger and are now jagged. Defendants attempted to seal the enlarged cuts with silicone but to no avail. A minimal amount of water seeps through the cuts.

Plaintiff commenced this action to recover the unpaid balance. Thereafter plaintiff moved for summary judgment. Defendants opposed the motion claiming that questions of fact existed as to plaintiff's negligence in installing the liner. Determining that triable issues of fact existed, Supreme Court denied the motion. Plaintiff now appeals.

Based on the record before it, Supreme Court properly concluded that a question of fact exists as to whether plaintiff negligently performed the contract and failed to provide labor and materials, as agreed upon, to defendants' detriment.

Defendants' observations are sufficient to raise a question as to the adequacy of plaintiff's performance. The presence of cuts or tears is self-observable and does not require confirmation of defective conditions by an expert in installation; defendants' testimony to that effect was sufficient to raise a question of fact.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.